No. 1852.—LOCKWOOD, VOORHIES & CO. v. ALFRED PENN et al.

The cancellation of the official bond of the sheriff by the Governor, and the erasure of the mortgage in the manner indicated by the act of March 12, 1855, discharges the sureties from all liability on the bond.

APPEAL from Fourth District Court, parish of Orleans. *Théard*, J. *J. Ad. Rozier*, for plaintiffs and appellees. *Bradford, Lea & Finney*, for defendants and appellants.

WYLY, J.. The defendants have appealed from a judgment against them as sureties on the official bond of John M. Bell, formerly sheriff of the parish of Orleans, who died in 1859.

They resist the demand of the plaintiffs on the following grounds.

Lockwood, Voorhies & Co. v. Alfred Penn et al.

*First*—Because the bond on which they are sued was regularly canceled and annulled in 1859 (after the termination of Bell's term of office), according to the provisions of the act of twelfth March, 1855, whereby their obligation as sureties was discharged.

*Second*—Because the plaintiffs have not preserved and enforced their legal mortgage on Bell's property, resulting from the registry of his official bond; that failing to assert their rights as mortgage creditors on his property or its proceeds, and failing to resist the erasure of the mortgage, they have lost their recourse on them as sureties; that plaintiffs can not now subrogate them to their rights as mortgagees, and they are discharged, under article 3030 of the Civil Code, and the decision in Saulet *v.* Trepagnier, 2 An. 428, 429, and the Succession of Pratt, 16 An. 357.

We can not assent to the views expressed by the learned judge who decided the case in the court below. The cancellation of the bond, and the erasure of the mortgage in the manner indicated by act of 1855, in our opinion, discharged the obligation of the sureties. The language of the law is clear and unambiguous. The ninth section of the act declares that, " The Governor is authorized *to raise and annul,* on the application of any interested party, *all bonds with security,* and all mortgages which have been furnished by any public officer who may have resigned or died, or whose office may have expired by limitation, or when dismissed from office. Whenever there shall be no opposition thereto, after public notice, as provided in the following section, and when he shall be satisfied that the duties and obligations imposed by law on such public officer, and for the faithful performance of which the bond had been furnished, were either by him or his successors or assigns faithfully executed." Revised Statutes, 68, section 9.

The eleventh section provides that whenever, after the legal notices, any opposition shall be made, it shall be the duty of the Governor to refer the parties to any court of competent jurisdiction, that it may be decided on their respective rights, according to law.

The plaintiffs could have preserved their claim against the sureties on the bond, by making opposition within the period fixed by law, after publication of the legal notices. That their claim against Bell was in litigation is no excuse for their laches.

The law prescribing the bond and its effect as a legal mortgage, after registration, on the property of the principal obligor, has wisely provided the mode of releasing the sureties, as well as the mortgage.

The constitutional objection is without weight.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is ordered that plaintiffs' demand be rejected, with costs of both courts.

Chief Justice Ludeling and Justice Howell absent.